**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

NATHANIEL CUNNINGHAM, JR.                                                                         PLAINTIFF

vs.                                                                                                         No. 1:06CV335

MAYOR & CITY COUNCIL OF OKOLONA,
MISSISSIPPI                                                                                                DEFENDANTS

<u>ORDER OF DISMISSAL</u>

Plaintiff filed this cause of action on December 11, 2006, pursuant to 29 U.S.C. §§ 621 *et seq*., alleging age discrimination. In June and July, 2007, Defendants filed motions to dismiss the complaint due to the Plaintiff's failure to file a charge of discrimination with the Equal Employment Opportunity Commission, among other arguments. *See* <u>Rhodes v. Guiberson Oil Tools Div.</u>, 927 F.2d 876 (5th Cir. 1991). The court, on July 31, 2007, entered an order for the Plaintiff to produce and file a copy of the EEOC "right to sue" notice, if one existed, by August 24, 2007. In that order, the Plaintiff was warned that failure to comply with the requirements of the order may result in the dismissal of his complaint under Rule 41(b) of the Federal Rules of Civil Procedure. The Plaintiff did not produce the notice.

The court then entered a second order directing the Plaintiff to submit a copy of the "right to sue" notice to the court by September 21, 2007. The Plaintiff was again warned of the possibility of dismissal under Rule 41(b). Since that date, the court-imposed deadline has passed and the Plaintiff neglected to produce the required documentation, thus failing to comply with the court's previous order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move

for dismissal of an action or of any claim against the defendant." Further, the court possesses the inherent authority to dismiss actions such as this *sua sponte*, without motion by a defendant. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Here, the Plaintiff has plainly failed to comply with two orders of the court as he has not produced the EEOC "right to sue" letter as requested. As such, the court finds that dismissal of the claim pursuant to Rule 41(b) is appropriate.

THEREFORE, it is hereby **ORDERED** that the Defendants' motion to dismiss (docket entry 20) is GRANTED, the Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE, and this case is CLOSED.

SO ORDERED, this the 7th day of November 2007.

/s/ Sharion Aycock
U.S. DISTRICT JUDGE